UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-14226-CIV-MAYNARD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

NICHOLAS PRESNER a/k/a NICHOLAS DONALD PRESNER,

     Defendant.

_____/

FILED by _____ D.C.

SEP 14 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## ORDER ON MOTION TO QUASH SERVICE OF PROCESS (DE 6)

**THIS CAUSE** comes before this Court upon the above Motion. Having reviewed the Motion and Response, noting that the Plaintiff filed no Reply, this Court finds as follows:

1.    Applicable here is Rule 4(e)(2)(A), Fed.R.Civ.P., which requires the Plaintiff to serve the Defendant with process by "delivering a copy of the summons and of the complaint to the individual personally". The Plaintiff asks this Court to quash the service of process on him. The Defendant says that he "discovered the summons and complaint in his front yard in the grass a few days after it was allegedly served."

2.    The Return of Service (DE 4) paints a different picture. There the process server attests that when she approached the Defendant's front door, she encountered a carpet installer exiting the house and the Defendant following directly behind him. The process server describes the Defendant's

physical appearance. The process server says that she asked for the Defendant by his name, but the Defendant told her "nobody who lives here is home." The process server returned to her car to research the matter. She discovered that the Defendant is a licensed real estate agent who works for Maranda Homes. The process server found a photograph of the Defendant. She then returned to the house but the Defendant "would not come out." The process server therefore "left the paper at his doorstep". She instructed the carpet installer to inform the Defendant that the paperwork was left at the doorstep.

3.    The Plaintiff responds to the Motion to Quash by providing the process server's notes. Her notes show that of the three vehicles parked at the address, two were registered to the Defendant and the third was registered to a carpet company. All together the Plaintiff argues that it presents "a detailed narrative of the service being effectuated." The Plaintiff explains how the process server identified the Defendant, how she interacted with the Defendant, and the steps she took to serve him personally with process. (Evidently there was a third party witness to the effort, too, this Court adds.) The Plaintiff argues that it states a prima facie case of proper service of process which the Defendant's assertion of finding the paperwork in his yard several days later fails to rebut. The

Defendant fails to persuade this Court that service of process should be quashed.

4. To the contrary this Court finds that the process server satisfied Rule 4(e)(2)(A)'s personal delivery requirement. Because the Defendant refused and evaded service, it suffices that the process server physically confronted him with it and left the summons and complaint in his immediate proximity. <u>See</u> <u>Blueskygreenland Envtl. Sols., LLC v. Rentar</u> <u>Envtl. Sols., Inc.</u>, 2013 WL 12095152 (S.D.Fla. 2013) (citing <u>Travelers Cas. & Sur. Co. of Am. v. Brenneke</u>, 551 F.3d 1132 (9th Cir. 2009)). This Court adds that in his Motion the Defendant does not deny or refute the representations that the process server makes in the Return of Service. Indeed the Motion concedes that the process server was at the correct address and that the Defendant was personally aware of the served summons and complaint. Nor does the Defendant reply to the Plaintiff's Response. It is therefore,

**ORDERED AND ADJUDGED** that the Motion to Quash (DE 6) is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this ___14th___ day of September, 2018.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE