UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-14226-CIV-MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NICHOLAS PRESNER
a/k/a Nicholas Donald Presner,

    Defendant.
_____/

FILED by _____ D.C.

DEC 26 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DE 33)

**THIS CAUSE** comes before this case upon the above Motion. Having reviewed the Motion, noting that no Response in opposition was filed, this Court finds as follows:

1. As Exhibit A to its Motion for Summary Judgment the Plaintiff proffers the underlying student loan contract and debt obligation. Exhibit A is the "Federal Direct Consolidation Loan Application" through the William D. Ford Federal Direct Loan Program at issue here. It allowed the Defendant to consolidate six student loan obligations. That loan consolidation agreement contains all the terms of repayment, and a promissory note secures them. The Defendant signed the loan consolidation agreement on April 27, 1998.

2. Exhibit B is the Certificate of Indebtedness that the U.S. Department of Education issued on April 5, 2018. There the

U.S. Department of Education certifies the Defendant's default on his student loan repayment obligation as of February 22, 2013. His total debt at that point was $11,723.32.

3. On April 10, 2018 the U.S. Department of Justice acting on behalf of the U.S. Department of Education sent the Defendant a written demand for repayment of the $11,723.32 outstanding debt. On that same day, April 10, 2018, the U.S. Department of Education also nominated the law firm of Newman & Marquez PA to take further appropriate action. Those two letters are proffered as Exhibits C and D.

4. The repayment demand letter further advised the Defendant of the consequences of non-payment. It informed him that the U.S. Department of Education, through the law firm of Newman & Marquez PA, would sue him federal court and that the federal lawsuit option would result in additional costs and fees being added to his debt obligation. It further informed him that should he lose that federal lawsuit, the federal court may enter a judgment against him which will not expire and which may be enforced by liens against his property, income, and tax refunds.

5. The Plaintiff states at Paragraph 7 of its Motion that despite the repayment demand letter, "the Defendant failed to pay this account or enter into a satisfactory payment plan." Consequently, on June 15, 2018, the Plaintiff filed its

Complaint against the Defendant to compel repayment. There the Plaintiff pleaded the existence of a debt totaling $12,359.96 consisting of principal, interest, and attorney fees. The Plaintiff filed its lawsuit seeking a judgment in its favor for the recovery of the outstanding debt.

6. The Defendant participated in discovery to a limited extent. The Plaintiff proffers as Exhibit E the Defendant's answer to a discovery request where he concedes the existence of the consolidated debt but answers "unknown as [to] the amount owed". In a discovery answer that the Plaintiff proffers as Exhibit F, the Defendant answers "unsure as to when he had paid last" on the debt obligation. The Plaintiff furthers at page 7 of its Motion that "the Defendant has not raised any defenses to this debt, affirmative or otherwise, other than a partial general denial".

7. The Plaintiff now moves for the entry of summary judgment. Rule 56(a) of the Federal Rules of Civil Procedure permits this Court to enter summary judgment in the Plaintiff's favor if there is no genuine dispute as to any material fact and if judgment can be rendered as a matter of law.

8. The Defendant files no Response in opposition to the Motion for Summary Judgment. This case now is well past the response deadline of November 26, 2018. Nor did the Defendant

ask to extend that deadline despite this Court's Order of December 6, 2018 (DE 35) reminding him of that elapsed deadline.

9. On the existing record this Court finds the Plaintiff entitled to the entry of summary judgment in its favor. There is clear documentary evidence that the Defendant entered into a legally binding student loan contract with a promise to repay that debt. There is clear documentary evidence that the Defendant defaulted on his debt repayment obligation. The Plaintiff documents its entitlement to recover that unpaid debt obligation. For his part, the Defendant proffers nothing that contradicts the existence of that debt obligation or the claimed amount.

It is therefore,

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Summary Judgment (DE 33) is **GRANTED** as to its claim for $10,271.60 of unpaid principal, plus $1,761.73 of unpaid interest as of November 6, 2018, plus interest from November 6, 2018 to the date of judgment at the rate of 4.08% per annum on the unpaid principal balance. It is further,

**ORDERED AND ADJUDGED** that this Court will issue a separate Order of Final Judgment and Order of Close-Out.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 26th day of December, 2018.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE

CC: Counsel of Record (via CM/ECF "NEF" email)

  Leila Presner, Esq.
  242 NW 12th Ave.
  Miami, FL  33128